HENRY F. TURNER, Judge pro tem.
Sam Recile, the plaintiff herein, filed a suit in the First City Court for the City of New Orleans, State of Louisiana, for possession of certain furniture (1 living room suite and 1 bedroom suite) in the possession of defendant alleging ownership thereof. He obtained a writ of sequestration and the furniture was seized in due course.. The defendant filed a rule to dissolve the sequestration asserting that it had been wrongfully issued and he prayed for damages and attorney’s fees. He alleged himself to be the owner by virtue of a sale made by plaintiff to him.
On a trial of the rule to dismiss the writ of sequestration evidence was adduced and transcribed. The trial judge recalled the rule and the case was later tried on the merits. The testimony taken on the rule was filed in evidence and with additional testimony the case was submitted. The trial court held for the plaintiff and defendant has perfected an appeal to this Court.
The only question for our consideration is whether the plaintiff or the defendant *32 owned the property in question at the time the sequestration issued. The plaintiff bases his title on a sale from Barbara Courtney, who became his wife a few days after the sale of the property to him. He produced a certified copy of the sale, which was filed in evidence. The deed was passed in the Parish of Orleans for a stated consideration of $1,500.00 in cash. The property, however, was located in Baton Rouge. After plaintiff’s marriage to his present wife they had the furniture transported from Baton Rouge by O. K. Storage & Transfer Co. to the transfer company’s warehouse in New Orleans where it was stored. It remained there for approximately a year when the defendant upon payment of the storage charges of $225.25 obtained the release and delivery of the property involved herein to his own home in New Orleans. This unquestionably was done by and with the consent of plaintiff.
Plaintiff claims that the furniture was merely loaned to defendant until he could purchase property for his new home. Defendant’s contention is that the $225.25 of which $110.00 was allocable to the furniture involved herein, was due the transfer and storage company by the plaintiff, and that said payment was the purchase price of the furniture.
The question therefore presented to this Court is whether this transaction is a sale, a loan or a lease. If it w.as a sale, the judgment of the lower court is incorrect. If it was a lease or loan the judgment of the lower court is correct.
A review of the testimony reveals that the plaintiff and defendant at the time of this transaction were the closest of friends, both being interested in several different corporations and having business relations between themselves and their respective corporations. In fact this friendship was of such a close nature that when defendant was evicted from his residence, plaintiff having ample room in his home, invited defendant and his family to move in and live with him. He made no charge for this occupancy. Defendant was a guest in plaintiff’s home for several months. In due course defendant purchased a nice home for $80,000.00. He had some difficulty in financing the purchase and plaintiff came to his rescue again and signed a second mortgage note to enable him to complete the deal. This also was done without remuneration. Defendant did not have sufficient furniture to completely furnish his home and he made this fact known to plaintiff whereupon the property in storage at O. K. was discussed. It appears that the transfer and storage charges amounted to $450.00 (at that time) and that no payment whatever had been made to the storage company on plaintiff’s account. The $225.25 paid by the defendant to obtain the property for his home was approximately one-half of the storage and transportation charges. There is no evidence whatever in the record as to the value of the furniture in question other than the total value of all of the furniture bought by plaintiff from his wife, except defendant’s testimony that it was worth very little more tiran the $225.25 which he paid. There is no question that the defendant paid this amount for the account of the plaintiff. The defendant obtained the furniture on July 6, 1960. The plaintiff denies that he sold the property but the property remained with the defendant until October 15, 1962. There was a bitter parting of the ways and dissolution of the friendship formerly existing between them. Litigation of much greater magnitude is presently pending between them. The plaintiff filed suit and obtained a writ of sequestration without any previous notice in writing to defendant whatever. The plaintiff claims that he had from time to time asked the defendant to return his furniture or to let him know what he was going to do about it, which claim is contradicted by the defendant. He admitted that he had made no claim since December, 1961. Plaintiff claims that he merely'let defendant use this property for a period of three or six months until he could obtain new furniture and that he expected defendant to return his furniture. It seems strange *33 that he would leave the furniture to collect dust and storage charges and then decide to put it in someone’s home just for a short period of time for their use. There is no showing that he actually needed it. He did testify that he owned several apartments where he could use the furniture.
It seems inconceivable that defendant would pay $225.25 for use of furniture for a period of three or four months when he had connections with a furniture company in New Orleans where he could purchase new furniture at discount prices. He could have purchased furniture and made time payments for the same amount that he paid for plaintiff’s furniture storage charges.
There appears to be serious conflict in the testimony between plaintiff and defendant as to what the deal regarding the furniture actually amounted to.
No attempt was made to define the terms of the lease in this case if. in fact the transaction was a lease. There was no meeting of the minds as to the duration of a lease nor as to the price. The transaction is therefore not a lease. The codal articles 2893 and 2894[1] deal with loans and state same to be gratuitous otherwise it would be a letting or hiring. In view of the fact that the $225.25 paid approximates the value of the property, the loan cannot be gratuitous so we must conclude that the transaction amounted to a sale. The price, the thing and the consent being necessary to constitute a sale. LSA-C.C. Art. 2439.[2] Counsel for plaintiff in oral argument before this Court belatedly stated that he was willing to return the $225.25 to defendant but he made no tender or offer to return any amount up to that time. Therefore it appears that the judgment of the lower court was erroneous and should be reversed. Further it appears that the writ of sequestration should have been dismissed following the trial of the rule.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendant and against the plaintiff dismissing plaintiff’s demands, dissolving the writ of sequestration, and awarding defendant damages and attorney’s fees, in an amount to be set by the trial court after a full hearing on the remand, hereof, all consistent with the views herein expressed and according to law; costs in both courts and on remand to be paid by the plaintiff.
Reversed and remanded.

. Art. 2893. “The loan for use is an agreement, by which a person delivers a thing to another, to use it according to its natural destination, or according to the agreement, under the obligation on the part of the borrower, to return it after he shall have done using it.”
Art. 2894. “This loan is essentially gratuitous; otherwise it would be a letting or hiring.”

. Art. 2439. “The contract of sale is an agreement by which, one gives a thing for a price in current money, and the other gives a price in order to have the thing itself.
“Three circumstances occur to the perfection of the contract, to wit: the thing sold, the price and the consent.”